FREDERICK H. SMITH, 3D, ET AL., EXECUTORS, RESPONDENTS, v. WILLIS G. DOWDEN, EXECUTOR, APPELLANT.

Submitted December 5, 1918—Decided January 24, 1919.

1. The endorser of a negotiable note is not a joint obligor with the maker, and payments on account by the maker do not suspend the running of the statute of limitations as to the endorser.

2. A guarantor, by a separate writing, which obligates him to pay a note or any balance due thereon, is not a joint obligor with the maker of the note. His contract is distinct and collateral, and payments by the maker do not suspend the running of the statute against his obligation which matures when the maker defaults at maturity of the note, and the statute then begins to run, which is not waived because the contract of guaranty authorizes the acceptance of payments on the note by the holder, there being no express waiver of the statute, for the obligation of a guarantor will not be increased by implication, his contract is to be strictly construed.

On appeal from the East Orange District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the respondents, *Gedney, McBride & Gedney.*

For the appellant, *Payne & McCall.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff brought suit against the executor of George A. Dowden, deceased, to enforce the alleged liability of defendant's testator as endorser and guarantor on a promissory note.

The note, made by Clara Collins, bears date October 1st, 1909, payable two months after date to the order of S. Collins for $1,100, endorsed by the latter and Dowden and purchased before maturity by the testator of the plaintiffs.

To induce the purchase, Dowden signed and delivered to the purchaser the following writing: "I hereby waive demand, protest and notice of protest of note of Clara Collins, October 1st, 1909, two months, $1,100, endorsed by me, and authorize payments on account of same without prejudice and guarantee payment of balance due on same." The principal defence was the statute of limitations which the trial court overruled and ordered a judgment for plaintiff from which the defendant appeals.

Without any intervening circumstance, this note would mature December 1st, 1909, and the bar of the statute become effective December 1st, 1915, while the suit was not brought until October 18th, 1916. One of the intervening circumstances was the death of Dowden September 19th, 1915, which extended the period within which the action might be brought for six months, or until June 1st, 1916, and in the absence of any other relevant circumstances, an action not commenced until October 18th, 1916, would be subject to the bar created by the statute. Another circumstance is that several payments on account of the note were made by the maker, aggregating $700, the last being June 24th, 1910, which, if binding on Dowden or his executor, would prevent the statute from becoming a bar until after this action was instituted, allowing the six months' suspension of the right of action against Dowden's estate.

The trial court was of opinion that because a claim was presented against the estate of Dowden March 30th, 1916, that action in some way suspended the statute. This was clearly erroneous, for it was not the commencement of an action, and only furnished the basis of a suit for a legal claim, as the estate of Dowden is not claimed to be insolvent, so that *Smith* v. *Crater,* 43 *N. J. Eq.* 636, does not apply.

The trial court based its judgment upon a determination that Dowden was liable as endorser, because he was chargeable with payments made by the maker, which is contrary to the law in this state, and declined to consider the effect of such payments on the liability of Dowden under the terms of his guaranty, but if the judgment can be sustained upon any of the issues tried, supported by uncontested proof it should be done, which requires us to consider the efficacy of his guaranty.

Concerning Dowden's liability as endorser, it is clear that the action was barred by the statute unless he was bound as endorser by a payment made by the maker June 24th, 1910, for all previous payments were made more than six years and six months prior to the commencement of this action.

It was held by this court, in *Parker* v. *Butterworth,* 46 *N. J. L.* 244, that a payment by the joint obligor, made before the statute has run, revives the obligation for six years. But an endorser's obligation is not joint but several, and it was held, in *Mason* v. *Kilcourse,* 71 *Id.* 472, that a payment by one of several promisors will not revive the obligation against the bar of the statute except as to the person paying, and that case is controlling on this point in this court. Therefore, the trial court fell into error in holding that Dowden's contract of endorsement remained binding on him and the running of the statute extended because of the payments by the maker.

Taking up the next question whether the same rule applies to the contract of guaranty, we start with the settled rule of law that the statute of limitations begins to run the moment that a right of action accrues (*Holl* v. *Hadley,* 2 *A. & E.* 758), and if the right of action began when the note, the payment of which was the subject of the guaranty, matured, then the statute had run when this action was commenced and was

a bar to its prosecution. The payments made by the maker of the note, unless the contract of guaranty otherwise provided, will not suspend the running of the statute as to the guarantor, because the contract is an independent collateral undertaking, in which there is no joint liability between the guarantor and the party making the payments on the note to which the contract of guaranty applies.

To meet this legal rule the plaintiff insists that by the form of the contract the guarantor has authorized the payments in such manner as to extend the due day thereof to the date of the last payment on the note. This is rested on the words: "And authorize payments on account of the same without prejudice and guarantee payment of balance due on same." These words, so far as the undertaking to indemnify is concerned, must be strictly construed, for the liability of a guarantor cannot be extended by implication. *Tolman Company* v. *Rice*, 45 *N. E. Rep.* 496. Manifestly, the words used are not an express waiver of the statute of limitations, nor would they prevent an action on the contract the next day after the maker of the note defaulted in payment, and a reasonable inference would be that they referred to payments made before maturity which it was supposed might affect the liability of the guarantor, for the maker had an undoubted right to pay the whole after maturity, and such payment could in no way prejudice the holder of the note. The phrase used is at best ambiguous, and does not clearly express the intentions of the parties, and the state of the case affords no light on the subject. But whatever may have been the reason the guarantor was liable to pay the balance due on the maturity of the note, and an action on the contract accrued when the maker defaulted, and no inference is permissible from the authority to accept payments, that the right of action was postponed or the statute waived.

There is nothing in the state of the case which supports the judgment and it will be reversed.