FERGUSON CARPET COMPANY ET AL., PLAINTIFFS-AP-
PELLANTS, v. HARRY SCHOTTENFELD, DEFENDANT-
RESPONDENT.

FERGUSON CARPET COMPANY ET AL., PLAINTIFFS-RE-
SPONDENTS, v. ABE SCHOTTENFELD, DEFENDANT-
APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellants-respondents Ferguson Carpet Company
et al., *Meyer C. Weinstein*.

For the respondent, *Harry Schottenfeld*.

For the appellant, *Abe Schottenfeld, Edward A. & William
A. Schilling*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR.   These appeals arise as the result
of an action brought by the Ferguson Carpet Company, a
corporation of Pennsylvania, or, in the alternative, Samuel

Allenson, individually, and trading as the Allenvy Carpet Company, against Harry Schottenfeld and Abe Schottenfeld. The grounds for such action against these parties defendant were their respective guarantees of an account of one Louis M. Obolsky, who had applied to Allenson to supply him with carpet which he had engaged, by contract, to furnish to a new theatre being erected at Richmond Hill, Long Island, New York. Allenson, finding that this transaction would call for a credit of upward of $5,000, was, apparently, unwilling to undertake the business with Obolsky, upon the latter's personal credit. The result was that two agreements of guaranty were obtained; one from Abe Schottenfeld and the other from Harry Schottenfeld, both of whom were brothers-in-law of Obolsky.

The guaranty of Harry Schottenfeld is as follows:

"Mr. Allenson,

c/o Allenvy Carpet Co.

Dear Sam: I hereby agree to guaranty $2,500 for Louis Obolsky on carpet you are manufacturing for theatre which guarantee expires after he makes you first payment of $2,500 on said carpet."

The guaranty of Abe Schottenfeld is as follows:

"Allenvy Carpet Co.,

295 Fifth avenue, New York City.

Gentlemen: As per our conversation of last week I am sending this confirmation that I will guarantee the account of Louis Obolsky to the extent of $2,500 which is to be applied on the carpet for the one theatre job in Brooklyn, New York. Upon payment of this one item which I am guarantying, kindly return to me this letter."

Carpet was manufactured by the Ferguson Carpet Company, of which Allenson was the selling agent, and delivered to Obolsky, the total selling price of which and for which Obolsky became liable was $5,681.47, upon which there was a cash payment made by Obolsky of $1,213.94; the payment of a note for $428, a dividend from the bankrupt estate of Obolsky of $303.64. There was a dispute as to whether an

item of $156.68, a discount for payment of the account in seventy days should or should not be allowed and credited.

After the bill for the carpet became due, Obolsky, in addition to the cash payment of $1,213.94, before referred to, offered to Allenson nine notes of the Long Island Amusement Company (the concern apparently with whom he contracted to furnish the carpet), which notes were payable a month apart.

Allenson testified that, at first he refused to take these notes but, finally, after discussing the matter with one of the guarantors, Abe Schottenfeld, he did take them and sent them on to the factory. As before stated one of these notes was paid and the balance were not, the maker becoming bankrupt.

The principal debtor, Obolsky, also became bankrupt.

A trial of the cause resulted in a nonsuit being directed in favor of Harry Schottenfeld and a verdict in favor of the Ferguson Carpet Company against Abe Schottenfeld for the amount of his guaranty, $2,500, and interest thereon.

From the judgments entered, the plaintiffs below appeal from the judgment of nonsuit and Abe Schottenfeld, one of the defendants below, appeals from the judgment against him.

In the appeal from the judgment of nonsuit there is only one ground for reversal, namely, error in the action of the trial court in directing the nonsuit.

The grounds urged upon this motion for nonsuit were that the guaranty of Harry Schottenfeld was limited to a first payment of $2,500. Of the Obolsky account: that in receiving the notes of the Long Island Amusement Company, the time of payment of the principal debtor, Obolsky, was extended, and this being without the knowledge and consent of the guarantor, released him, and the testimony of Allenson being that these notes were accepted in payment of Obolsky's indebtedness, the debt guaranteed was paid, and the guarantor was no longer liable thereunder.

In granting the nonsuit the trial court did not specify upon what ground it was moved to so act.

The first ground would not have warranted such action, because, assuming that the construction to be placed upon the guaranty, as insisted, was that it ran and existed only until and unless a first payment of $2,500 was made by Obolsky, the proofs, given their best construction in favor of this guarantor, were that not more than $2,102.26 had been so paid.

But from the undisputed proofs, and those entirely from the mouth of Allenson, we find that the action of the trial court was justified upon either or both of the other grounds.

The taking of the notes in question, without any agreement that they were taken in payment and to the extinguishment of the original debt, postponed and extended the time of payment, for many months, of the original indebtedness of Obolsky, which was then long past due and this, admittedly, was without the knowledge and, certainly, without the consent and approval of the guarantor, Harry Schottenfeld, and, we conclude, sufficient to release him. *Fry* v. *Patterson,* 49 *N. J. L.* 612; *Joslin* v. *Giese,* 59 *Id.* 130, 133; 28 *C. J.* 999, §§ 160, 161; 12 *R. C. L.* 1081, &c., ¶ 8, *tit. "Discharge."*

We think, therefore, that the taking of these notes was such a postponing of the time of payment of the original, then past due debt, as to release the guarantor.

The trial court was also justified in granting the motion for nonsuit upon the remaining ground, namely, that the notes in question were taken in payment and extinguishment of the original debt.

The only proofs upon this point was the testimony of Allenson, and it is as follows: "*Q.* Now, when you received these notes of thirty-eight hundred and some odd dollars, you say you went to see Mr. Abe Schottenfeld? *A.* I did. *Q.* Having seen him, you then accepted those notes in payment of the account of Obolsky? *A.* After he assured me that his guaranty was still good. *Q.* And you accepted them in payment of the balance of Obolsky's account? *A.* I sent them to the mill. *Q.* And they accepted them in payment of the balance of Obolsky's account, didn't they? *A.* They did."

Here there appears to be a clear and unequivocal statement that the notes in question were taken in place of, and extinguished, the original debt, thus relieving the defendant Harry Schottenfeld from his guaranty.

We conclude therefore that the judgment of nonsuit should be affirmed.

Upon the appeal from the judgment against Abe Schottenfeld, it is necessary to consider one, only, of the seven grounds of appeal; that alleging error in refusing to direct a verdict in favor of the appellant-defendant, and, in passing upon that ground, we have considered but one of the three reasons advanced thereunder because the conclusion reached threon, by us, requires a reversal of the judgment. That reason is that the verdict should have been directed, "because the guaranty is directed to the Allenvy Carpet Company, which furnished no goods, and does not run for and to the benefit of the Ferguson Carpet Company which did furnish the carpet."

While the action, as appears by the complaint, is by Ferguson Carpet Company, a corporation of Pennsylvania, and in the alternative, Samuel Allenson, individually and trading as Allenvy Carpet Company, there is no proof that Allenvy Carpet Company was the agent of the Ferguson Carpet Company, nor, in fact, if it had any relation to or with that company, what that relation was.

There is proof that Samuel Allenson was the selling agent of the Ferguson Carpet Company.

Neither do we find that there is any affirmative proof that at the time the agreement of guaranty was obtained it was asserted or made known to the guarantor, appellant, that the credit for the carpet in question was to be extended by the Ferguson Carpet Company and likewise the evidence before the court below is entirely barren of proof that at the time Allenson is said to have discussed the matter of taking the notes in question the appellant knew that the Ferguson Carpet Company had furnished the carpet and extended the credit to Obolsky. This court has held that contracts of this character are to be construed *strictissimi juris*. *Lyon & Co.*

v. *Plum,* 75 *N. J. L.* 883, and the general rule seems to be that "a special guaranty usually contemplates a trust in the person to whom it is addressed, and, as a general rule, no one can accept and act on the proposition of a special guaranty, or acquire any advantage therefrom unless he is expressly referred to, or necessarily embraced in, the description of the persons to whom the offer of guaranty is addressed, and if anyone else attempts to accept and act upon the proposition contained in the guaranty, he is a mere volunteer, and he cannot by thus thrusting himself forward create any legal obligation upon the part of the guarantor. Only the particular individual to whom the offer of guaranty is addressed has the right to act upon and acquire rights under it, but where it is the intention that the guaranty shall be in favor of a specific person, it may be enforced according to such intention, notwithstanding a slight misdescription of such person in the instrument * * *." 28 *C. J.* 940, § 86; 12 *R. C. L.* 1061, 1066, §§ 10, 16.

As before indicated, the contract of guaranty was addressed to, and obviously was for, and accepted for the benefit of, the Allenvy Carpet Company and there was no proof, affirmatively showing that it was for the benefit of the Ferguson Carpet Company, nor that the appellant estopped himself from contending to the contrary.

We conclude therefore that it was error upon the part of the trial court to refuse, when so moved, to direct a verdict against the Ferguson Carpet Company upon this ground.

The judgment of nonsuit in favor of the defendant below Harry Schottenfeld is affirmed, and the judgment in favor of the Ferguson Carpet Company against the defendant below Abe Schottenfeld is reversed.

No. 113—

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.

No. 129—

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.