THE BORDEN COMPANY, PIONEER ICE CREAM DIVISION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. NATHAN MANLEY, DEFENDANT-RESPONDENT.

Submitted October 7, 1941—Decided January 3, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-appellant, *DeBaun & Westervelt* (*Jesse B. Leslie,* of counsel).

For the defendant-respondent, *Nathan Manley.*

The opinion of the court was delivered by

COLIE, J.  Borden Company entered into an agreement with one Nathan Manley dated September 15th, 1939, whereby it loaned him an electric motor, compressor and cabinet in consideration of Manley's agreement to purchase all ice creams and other frozen commodities from the Borden Company. Paragraph 12 of the agreement between the parties reads:

"12. In the event that the Customer discontinues the sale of ice cream, sherbets and other similar frozen commodities at said address so that the Customer does not require any such commodities, or in case of any other breach of this Agreement by the Customer or upon the issuance of any attachment, execution or like process against the Customer or the Customer's property or any part thereof or if a petition in bankruptcy is filed by or against the Customer, or if the Customer petitions or applies for any reorganization pursuant to the Bankruptcy Act or any other Act or law, or if a receiver

of the Customer's property or any part thereof is applied for or appointed, or if the Customer makes an assignment for benefit of creditors, the Company, or its agents, shall have the right forthwith to enter upon the premises of the Customer and, without let or hindrance, take possession of and remove the said refrigerating equipment, with or without process of law, and the Customer thereupon shall be liable for and pay to the Company as and for liquidated damages the sum of Fifty Dollars ($50) to cover the cost of installation, removal and reconditioning of such equipment, the amount of which damages is not now ascertainable. It is agreed that said liquidated damages are fair and reasonable and not disproportionate to the actual damages which may be sustained by the Company. Such liquidated damages shall not affect any other right or remedy which the Company may have or prevent the recovery by the Company of such other general or special damages as are allowed by law in addition to such liquidated damages which the parties have agreed cover' only the cost of installation, removal and reconditioning of said equipment."

Plaintiff brought suit to recover the sum of $50 claimed to be due under the quoted paragraph and which sum defendant had refused to pay. The plaintiff rested its case after proving the agreement, and repossession of the equipment, whereupon defendant moved for a direction of verdict in his favor. The court denied the motion and gave plaintiff an opportunity to prove the actual damages which opportunity the plaintiff did not take, insisting that its money damages had been fixed by agreement of the parties and there was therefore no necessity to offer evidence of actual damage. The trial judge did not agree with plaintiff's view and entered judgment for nominal damages in plaintiff's favor to which ruling an exception was entered and this appeal taken.

Thus the question is squarely raised as to whether the provision in the contract fixing $50 as liquidated damages to cover the cost of installation, removal and reconditioning is or is not a penalty clause.

Our courts have set up certain criteria as guides. The construction to be placed upon the clause in dispute is to be

decided from the entire instrument although the particular language used will have much weight. *Lansing* v. *Dodd,* 45 *N. J. L.* 525. If it appears that the parties have provided for an excessive sum in a case where the real damages are certain or readily reducible to certainty by proof, then the sum fixed is deemed a penalty and not enforceable. *Monmouth Park Association* v. *Wallis Iron Works,* 55 *Id.* 132. The Court of Errors and Appeals in *Summit* v. *Morris Traction Co.,* 85 *Id.* 193, said: "That when damages are to be ascertained for the breach of a single stipulation contained in an agreement, and they are uncertain in amount and not readily susceptible of proof under the rules of evidence, then if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages * * *; but where the agreement contains disconnected stipulations of various degrees of importance, the sum named therein to be paid in case of a failure of performance will be considered as a penalty, unless the agreement specifies the particular stipulation or stipulations to which the liquidated damages are to be confined."

It has been suggested that the question of when liquidated damages are to be considered as a penalty and *vice versa* would be much simplified if it were clearly recognized and stated that the reasonableness of the agreed sum looked at as of the time when the contract was made is the only important thing. See 3 *Williston on Contracts,* § 778; 1 *Restatement of the Law of Contracts,* § 339. Viewed in the light of the decisions of the courts of this state and tested by the measure of reasonableness of amount and taking into consideration the clear language of the paragraph under consideration, which discloses an evident intent to agree in advance, and for the benefit of both parties, upon a sum beyond which damages could not be recovered, we find that the agreement was one providing for liquidated damages.

The judgment of the District Court is reversed, with costs.