36 N.J. Super. 207 (1955)
115 A.2d 152
FIRST BANK AND TRUST COMPANY, A NEW JERSEY BANKING CORPORATION, PLAINTIFF,
v.
ALBERT SIEGEL, TRADING UNDER THE FIRM NAME AND STYLE OF A & J AUTO SALES, AND SHIRLEY SIEGEL, DEFENDANTS.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided June 15, 1955.
*208 Mr. Philip Barbash argued for the plaintiff.
Mr. Charles Blume argued for the defendants.
*209 SIMMILL, J.C.C.
The defendant, Albert Siegel, was in the business of selling automobiles. Finding it necessary to secure financing, he entered into negotiations with the plaintiff which culminated in the execution by Mr. Siegel of a dealer's repurchase agreement, which provided that Siegel agreed to purchase any motor vehicle "as is" that the bank might repossess, upon delivery thereof to Siegel's place of business, for the balance due on the defaulted agreement. Said agreement was signed by Siegel on October 23, 1952. On the same day both Albert Siegel and Shirley Siegel executed an agreement wherein they "unconditionally guaranteed" to the plaintiff the payment at maturity or whenever by the terms of any note, contract, etc., the same should become or be declared to be due, any obligations which were purchased or might thereafter be purchased by the plaintiff on which the dealer might become liable. In the guaranty agreement the guarantor defendant waived demand for payment and further that the surrender to the dealer of, or shrinkage or diminution in value of, any collateral should not affect the liability of the defendants, nor should the plaintiff be required to take any affirmative steps to liquidate, protect, or realize upon any such collateral.
Thereafter one Moyle purchased a Mercury automobile from the defendant, Albert Siegel, and gave back a conditional sales contract, which was assigned to the plaintiff pursuant to the provisions of the dealer's repurchase agreement above referred to. Moyle defaulted on his contract. Plaintiff repossessed the automobile, at which time there was a balance of $965.70, and delivered it to a car sales lot which plaintiff contends defendant, Albert Siegel, conducted.
Another car was sold by Albert Siegel to Sykes and Stith under conditional sales contract in which the purchasers defaulted after it was assigned to plaintiff. Plaintiff repossessed the car and delivered it to the same lot. There was a balance due on this car of $777.62. Plaintiff now sues Albert Siegel under the aforesaid repurchase agreement and Shirley Siegel under the guaranty agreement. Defendants filed an answer *210 and counterclaim. Whereupon, plaintiff moved to strike the same.
At the argument on the motion the court struck the answer and counterclaim of Albert Siegel except that portion thereof which alleged that the cars had not been delivered to his place of business in accordance with the dealer's repurchase agreement. The defendant, Shirley Siegel, is entitled to the same defense. In addition thereto she contends that as a guarantor she cannot be held responsible because: (1) notice was never served upon her, (2) she never delivered the guaranty agreement, (3) the right of subrogation was never afforded her, and (4) no tender was made to her of the repossessed cars.
The guaranty agreements are to be strictly construed, Garfield Trust Co. v. Teichmann, 24 N.J. Super. 519 (App. Div. 1953), and the language of a guaranty clause must be interpreted most strongly against the person at whose insistence it was written in the contract, Josefowicz v. Porter, 32 N.J. Super. 585, at page 590 (App. Div. 1954). But as the court so aptly stated in the Garfield Trust Co. case, the rules governing the construction of contracts generally are to be referred to in resolving a question as to the interpretation of a contract of guaranty. Primarily the terms and provisions of the contract are to be considered with a view to discovering and giving effect to the intention of the parties thereto. Washington Construction Co. v. Spinella, 8 N.J. 212 (1951). But the guaranty cannot be held liable beyond the strict terms of his contract. Smith v. Dowden, 92 N.J.L. 317 (Sup. Ct. 1918).
Nowhere in the guaranty agreement is there any provision requiring that notice be served upon this defendant, that the right of subrogation be afforded her, or that tender be made to her of the repossessed automobiles. The fact is that she by her contract unconditionally guaranteed payment, guaranteed the faithful performance of any and all written agreements now existing or which might be entered into between the dealer and the bank, and expressly waived and dispensed with any demand and notice of non-performance or *211 breach of the agreements. Therefore, giving effect to the intention of the parties, it became one of absolute or unconditional guaranty. In such a case it is not necessary that the guarantor be notified as a condition precedent to the suit. Chodosh v. Schlesinger, 119 N.J.L. 405 (E. & A. 1937).
Nor is the bank obliged to pursue any other remedies when the obligation is an absolute guaranty and a primary obligation. Superior Finance Corp. v. John A. McCrane Motors, 116 N.J.L. 435 (E. & A. 1936). These defenses, therefore, will be stricken.
Defendant, Shirley Siegel, contends that she never delivered the guaranty agreement. The court rather doubts this contention, for the plaintiff produced the agreement. Nevertheless, a factual question is raised which is not for the determination of the court on motion but rather for the jury. This defense is not stricken.
An appropriate order may be submitted.