OPINION OF THE COURT
 

 Memorandum.
 

 The judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Defendants are guarantors on a note given to plaintiff’s predecessor to secure an equipment lease for the acquisition of theatre equipment. The lease was for the term of 60 months and required an advance payment of $3,366 and monthly payments of $967.73. Defendants guaranteed due payment and performance by the lessee and their guarantee provided that the liability of the guarantors was direct and unconditional and could be enforced by the creditor without first resorting to any other right, remedy or security.
 

 The lessee made nine required lease payments to plaintiff through February 1973, and then defaulted. Following the default, plaintiff and the defendants made unsuccessful efforts to find a possible buyer for the equipment. In October 1973, plaintiff made a formal declaration of the lessee’s default and notified defendants that on or after November 12, 1973, it would “make a private sale of the
 
 *905
 
 collateral * * * to Mi-Ann Theatre of Coram Corp., for $42,000, payable in 42 monthly installments of $1,000.00 each.” The letter extended to defendants “the privilege of redeeming the said collateral and reinstating the said Agreement by payment of $8,709.57 (the amount of the arrears) any time prior to the sale of said collateral”. The proposed sale to Mi-Ann did not materialize, nor was a formal contract ever signed, and further efforts made by plaintiff to find a buyer were similarly unsuccessful. The evidence establishes that the defendant Green knew that the Mi-Ann deal had not been consummated, but no formal notification thereof was given to the defendants until May 1974, when plaintiff wrote to advise that the Mi-Ann deal had fallen through and that plaintiff would seek full payment of the lease balance from defendant guarantors. This action was commenced to recover the unpaid balance, with interest and attorney’s fees.
 

 Defendants’ principal claim is that plaintiff’s conduct amounted to a repossession as defined by section 9-503 of the Uniform Commercial Code because plaintiff exercised dominion and control over the collateral by offering it for sale to Mi-Ann. They contend that because of the nature of the equipment physical possession was not necessary for repossession (see
 
 Crowe v Liquid Carbonic Co.,
 
 208 NY 396; Uniform Commercial Code, § 9-503, Comment, McKinney’s Cons Laws of NY, Book 62½, p 604) and that having taken constructive possession of this collateral plaintiff’s recovery is limited to that security. They base their claim of constructive possession on evidence that (1) the creditor intended to take possession of the theatre seats unilaterally, without the assistance of the debtor or guarantors, negotiating the terms and conditions of sale to Mi-Ann, (2) after scheduling the private sale, plaintiff gave defendants a notice to redeem, a necessary precondition to a deficiency judgment (see Uniform Commercial Code, § 9-504, subd [3]; § 9-506), (3) plaintiff received, and on its own rejected, an offer to purchase, (4) plaintiff retained the collateral over two years before instituting this action and (5) after the commencement of this action plaintiff commenced a conversion action against the landlord and tenant.
 

 
 *906
 
 Under the statute (Uniform Commercial Code, § 9-503), a creditor may take possession of collateral either by removing it or by rendering it unusable or disposing of it on the debtor’s premises. As the courts below found, plaintiff did neither. The security remained on the premises and was used by the debtor continuously. The notice of sale offered defendants an opportunity to protect their interests but no sale ever took place, to their knowledge, and plaintiffs did not interfere with the use of the property in any way. Nor was there a constructive repossession. The mere sending of the notice did not interfere with the debtor’s use or possession. Nor did the conversion action commenced against third parties after this action constitute the exercise of dominion and control over the collateral. Plaintiff did not interfere with the collateral and it was not required to claim possession to maintain the action, only a security interest in the property which it concededly had. The decision in
 
 Crowe v Liquid Carbonic Co.
 
 (208 NY 396,
 
 supra),
 
 based upon the statutory predecessors to the Uniform Commercial Code, is distinguishable. In
 
 Crowe
 
 the creditor leased the collateral to a third party, appropriated the rent to itself and failed to credit the sums received to the conditional sales contract. Plaintiff did none of these things.
 

 Inasmuch as plaintiff made no election to retain the collateral in satisfaction of the debt, it was entitled to recover the whole amount due on the guarantee from defendants (cf.
 
 Flickinger Co. v 18 Genesee Corp.,
 
 71 AD2d 382).
 

 The Appellate Division properly directed inclusion of attorney’s fees in the judgment after a hearing. Our decisions do not require that the fees be paid before recovery may be had, only that the value of the services be established before inclusion in the judgment (see
 
 Matter of First Nat. Bank v Brower,
 
 42 NY2d 471, 473).
 

 We have considered defendant’s remaining points insofar as they were preserved for our review and find them without merit.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Simons and Kaye concur; Judge Meyer taking no part.
 

 
 *907
 
 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.