BELL ATLANTIC TRICON LEASING
CORP., Plaintiff,

v.

PACIFIC CONTRACTING CORP.,
Robert Schmidt and Kenneth
Saas, Defendants.

No. 87 Civ. 9233 (RWS).

United States District Court,
S.D. New York.

Jan. 11, 1989.

Winick & Rich, P.C., New York City
(Kevin J. Farrelly, of counsel), for plaintiff.

Levy, Sonet & Siegel, New York City
(Stephen B. Schulman, of counsel), for defendants.

OPINION

SWEET, District Judge.

Plaintiff Bell Atlantic Tricon Leasing Corporation ("Tricon") has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on its claim against defendant Pacific Contracting Corporation ("Pacific"), Robert Schmidt ("Schmidt") and Kenneth Saas ("Saas"), and for costs and attorneys' fees on this motion. Tricon is seeking $114,108.72 in damages, which represents the accelerated balance of its Lease with Pacific, future sales and use taxes, 10% of each monthly installment due which remains delinquent for more than one month, and all expenses incurred in the enforcement of the Lease in an amount equal to 20% of the unpaid rentals. For the reasons set forth below, the motion is denied.

*Facts*

Tricon, formerly known as Tri–Continental Leasing Corporation, is a corporation organized under the laws of Delaware with its principal place of business in New Jersey. Pacific is a New York corporation. Saas is a citizen and resident of New York.

On or about August 6, 1986, Tricon and Pacific entered into a written lease agreement (the "Lease") under which Tricon agreed to lease to Pacific certain computer equipment for an aggregate rental value of $107,667.00 payable in sixty consecutive monthly installments of $1,794.45, exclusive of sales and use tax. The Lease contained a provision that lessor has no obligation, *inter alia*, to install, maintain or service the equipment.

In order to induce Tricon to enter into the lease, on or about June 30, 1986, Saas entered into a written guaranty (the "Guaranty") in which he unconditionally guaranteed to Tricon the payment of all amounts due or to become due by Pacific under the Lease, as well as the performance of all other obligations of Pacific under the Lease. In addition, Saas waived any right to require Tricon to proceed against Pacific, exhaust any security held, or pursue any other remedy in case of default by Pacific.

Pacific paid eleven installments to Tricon under the Lease totalling $19,738.95. On June 1, 1987, Pacific defaulted on the Lease by failing to make a monthly installment. In addition, Pacific has failed to pay all installments subsequent to June 1, 1987. Tricon, pursuant to ¶ 14 of the Lease, declared the entire balance immediately due and payable and claimed $87,928.05, plus special charges under the Lease, for a total liability of $114,108.72.[1] Tricon claims that pursuant to the terms of the Guaranty, Saas is indebted to Tricon for this entire amount.

According to Saas's unrebutted affidavit, in or about August, 1987, he discovered that his partner, Schmidt, had neglected to meet Pacific's obligations under the Lease. As a result, in early September, 1987, Saas advised Tricon's representatives that he no longer wished to guarantee Pacific's obligations, and asked them to take possession of the equipment in order to mitigate any damages which might be sustained by Tricon. Further, Saas claims, from September to December, 1987, his demands that the equipment be removed were "met with assurances that such action was in the works." Saas Affid. ¶¶ 3–4. However, the equipment has not been removed.[2]

*Discussion*

Summary judgment should be granted where there are no unresolved factual disputes material to the outcome of the litigation. *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). In determining whether such factual disputes exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Saas contends that summary judgment in favor of Tricon should be denied on the grounds that a material issue of fact exists

as to whether Tricon had a duty to mitigate damages. Saas also claims that the acceleration clause in the Lease is unenforceable, for it is against public policy.

As set forth in ¶ 17 of the Lease and ¶ 10 of the Guaranty, the law of New Jersey governs this dispute if the Lease is enforceable. Otherwise, the law of New York governs. Because the Lease is enforceable, this court will apply New Jersey law.

*Mitigation of Damages*

Under general principles of contract law, a party which has been injured by a breach of contract must mitigate damages. *See, e.g., Banco di Roma v. Fidelity*, 464 F.Supp. 817 (D.N.J.1979); *Harvard v. Bushberg Bros., Inc.*, 137 N.J.Super. 537, 350 A.2d 65 (1975); *McGraw v. Johnson*, 42 N.J.Super. 267, 126 A.2d 203 (1956). However, where the contract is supported by a third party's absolute guaranty, the party guaranteed is not obliged to pursue any other remedies that might be available. *See First Bank & Trust Co. v. Siegel*, 36 N.J.Super. 207, 115 A.2d 152 (1955) (lessor is not obliged "to pursue other remedies when the obligation is an absolute guaranty and a primary obligation"). Saas's Guaranty was in the nature of an absolute or unconditional Guaranty. Section 1a) of the Guaranty provides that: "[t]he undersigned unconditionally guarantee(s) to you the prompt payment in full, of any and all new existing or hereafter arising indebtedness or obligations of every kind or nature, now or hereafter owing by the Debtor to you however arising." Paragraph 9 of the Guaranty states:

The undersigned waives any right to require you to: (a) proceed against Debtor; (b) proceed against or exhaust any security held from Debtor; or (c) pursue any other remedy which you may have

Therefore, Tricon was not obligated to mitigate damages before recovering the balance due on the Lease from Saas.

---

**1.** Pursuant to the terms of the Lease, in the event of a default by Pacific, Tricon is entitled to charges of 10% of each monthly installment due which remains delinquent for more than one month, as well as sales and use taxes and all expenses incurred by Tricon in the enforcement of its remedies under the Lease.

**2.** By letter dated July 25, 1988, notice was given to Saas that Tricon was taking steps to auction off the equipment.

In addition, although no New Jersey law directly on point has been cited to this court, and none has been found by the court, New York law recognizes that where a guarantor unconditionally guarantees payments due under an equipment lease, the lessor can choose to recover the balances due from the guarantor rather than repossess the leased equipment. *See Industrial Equipment Credit Corp. v. Green,* 62 N.Y.2d 903, 906, 478 N.Y.S.2d 861, 863, 467 N.E.2d 525, 527 (1984) (defendant guarantors on a note to secure an equipment lease were liable for payment of balance on the lease, even though the equipment was not repossessed by plaintiffs). Thus, because of the existence of Saas's Guaranty, Tricon did not act unlawfully in proceeding against Saas without first mitigating damages.

*Propriety of the Accelerated Damage Provision and Liquidated Damages*

Saas contends that the accelerated damage provision of the Lease, ¶ 14(a), should not be enforced, for it constitutes an unlawful penalty. Paragraph 14 provides:

If Lessee defaults in payment required under this lease ... Lessor may, to the extent permitted by law, exercise any one or more of the following remedies: (a) To declare the entire balance of rent hereunder immediately due and payable as to any or all schedules of Equipment covered hereby....

Under New Jersey law, a provision in a contract providing liquidated damages in case of breach is enforceable if the damages are a reasonable forecast of just compensation for the harm caused by the breach and the harm that is caused by the breach is difficult or impossible to estimate. *Monsen Engineering Co. v. Tami-Githens, Inc.,* 219 N.J.Super. 241, 530 A.2d 313, 318 (1987). However, if the parties have provided for an excessive sum in a contract where the real damages are certain or readily reducible to certainty by proof, then the sum fixed is deemed a penalty and is not enforceable. *Central Steel Drum Company v. Gold Cooperage, Inc.,* 200 N.J.Super. 251, 491 A.2d 49, 57 (1985); *Utica Mut. Ins. Co. v. DiDonato,*

187 N.J.Super. 30, 453 A.2d 559 (1982); *Suburban Gas Co. v. Mollica,* 131 N.J.L. 61, 34 A.2d 892, 892 (1944); *Westmount Country Club v. Kameny,* 82 N.J.Super. 200, 197 A.2d 379, 382 (1964); *Borden Co., Pioneer Ice Cream Division v. Manley,* 127 N.J.L. 461, 23 A.2d 281, 283 (1942).

Generally, where commercial parties have comparable bargaining power, there is presumptive validity of a liquidated damage clause. *Central Steel Drum Company v. Gold Cooperage, Inc.,* 491 A.2d at 57 (N.J.Super.A.D.1985). In addition, there is a "modern tendency to look favorably upon agreements to fix specified amounts as damages in the event of a breach and to prefer to consider them as liquidated damage clauses rather than penalties." *Id.* (citing *D.H.M. Industries v. Central Port Warehouse,* 127 N.J.Super. 499, 503, 318 A.2d 20 (App.Div.1973), aff'd 64 N.J. 548, 318 A.2d 19 (1974)).

The Lease at issue contains a provision, ¶ 14, in which the parties "acknowledge the difficulty in establishing a value for the unexpired lease term and owing to such difficulty agree that the provisions of this paragraph represent an agreed measure of damages and are not to be deemed a forfeiture or penalty." However, a material issue of fact exists as to whether the acceleration clause and other liquidated damage provisions were "a reasonable forecast of just compensation for the harm caused by the breach." *Utica Mut. Ins. Co. v. DiDonato,* 453 A.2d at 564. The aggregate value of the Lease was $107,667.00. Pacific made a total of $19,738.95 in lease payments. Therefore, $87,928.05 in Lease payments remain. The Lease provides that these payments will be accelerated, and that Tricon will be awarded future sales and use taxes, expenses incurred in the enforcement of the lease of 20% of unpaid rentals, and a 10% surcharge on each monthly installment which remains delinquent for more than one month. The total liability is $114,108.72. If this amount, which is over 100% of the value of the Lease, is a reasonable forecast of damages, then the liquidated damage provisions in the Lease are enforceable. How-

ever, if the amount is excessive, the damage provisions in the Lease constitute an unenforceable penalty. Therefore, summary judgement must be denied, for a triable issue exists as to the reasonableness of the damages.

*Warranty*

Saas argues that Tricon breached warranties or representations concerning the installation and functioning of the equipment, for the computer equipment was never made functionable. However, ¶ 2(a) of the Lease expressly states that Tricon makes no warranty as to the fitness, condition, or performance of the equipment, nor does Tricon have an obligation to install or maintain the equipment. Tricon is only the lessor of the equipment. No warranties have been breached because none were made.

*Conclusion*

Tricon's motion for summary judgment is denied on the grounds that material issues of fact exist as to whether the amount of damages was difficult to ascertain and whether the amount provided for in the contracts was a reasonable forecast of just compensation.

It is so ordered.