■ TELMARK LLC, Successor in Interest to TELMARK, INC., Appellant, v ROBERT GRUNDER, Respondent. [758 NYS2d 456] —Appeal from an order of Supreme Court, Onondaga County (Major, J.), entered December 20, 2001, which granted plaintiff's motion for summary judgment in part, determining that plaintiff is entitled to partial summary judgment on the issue of liability and that a hearing on damages is necessary.

It is hereby ordered that said appeal from the order insofar as it directs a hearing on damages with respect to the lease of the Ag Bagger be and the same hereby is unanimously dismissed and the order is modified on the law by granting that part of plaintiff's motion for summary judgment seeking damages with respect to the lease of the dairy barn together with interest at the statutory rate (*see* CPLR 5004) commencing from the date of entry of the order appealed from and as modified the order is affirmed without costs.

Memorandum: Defendant is the guarantor of rent due under two finance leases, one covering a piece of farm equipment called an "Ag Bagger," and the other covering a dairy barn that was constructed on defendant's property for use by the lessees. After the lessees defaulted on the rent and then filed for bankruptcy, plaintiff accelerated the rent due under the leases and commenced this action against defendant under two unconditional guaranties. Upon plaintiff's subsequent motion for summary judgment, Supreme Court granted the motion in part, determining that plaintiff is entitled to partial summary judgment on the issue of liability. The court further determined, however, that a hearing on damages is necessary because the leases were silent with respect to whether plaintiff was required to accept tender of the leased property and provide a credit for the sale or re-lease of that property. Thus, the court determined that there are issues of fact concerning the amount

of rent due under the leases and, therefore, under the guaranties.

In a reply brief plaintiff informed this Court that the Ag Bagger has been sold and that plaintiff will grant an appropriate credit to defendant. Thus, plaintiff's appeal from that part of the order directing a hearing on damages with respect to the lease of the Ag Bagger has been rendered moot, and we therefore dismiss the appeal insofar as it seeks review of that part of the order (*see generally Matter of Cerniglia v Ambach*, 145 AD2d 893, 894 [1988], *lv denied* 74 NY2d 603 [1989]).

We conclude, however, that the court erred in directing a hearing on damages with respect to the lease of the dairy barn and that plaintiff is entitled to the damages sought, without the necessity of a hearing. Even assuming that UCC article 2-A affords certain rights to a guarantor, we conclude that defendant, by agreeing to the terms of the guaranties, has substituted those terms for any rights to which he may be entitled under article 2-A (*see* 2-A-503 [1]; 2-A-527 [2]; 2-A-528 [1]). The unconditional guaranties provide in relevant part that, "in the event Lessee defaults on any payment[,] Lessor shall have the right to proceed against the [guarantor] * * * without any proceeding against the Lessee." Plaintiff therefore had no duty to take possession of or sell the dairy barn prior to recovering from defendant the balance of rent due pursuant to the guaranties (*see* 2-A-529 [1] [a]; *see generally Industrial Equip. Credit Corp. v Green*, 62 NY2d 903, 906 [1984]; *Bell Atl. Tricon Leasing Corp. v Pacific Contr. Corp.*, 703 F Supp 302, 303-304 [1989]; *Ford Motor Credit Co. v Moore*, 663 A2d 30, 32 [Me 1995]). Thus, plaintiff met its initial burden of establishing its entitlement to judgment on the issue of damages with respect to the lease of the dairy barn, and defendant failed to raise a material issue of fact precluding summary judgment on that issue (*see Netti v LeFrois*, 303 AD2d 971 [2003]; *Streng Oldsmobile v Fleet Bank of N.Y.*, 245 AD2d 1032, 1034 [1997]).

We therefore modify the order by granting that part of plaintiff's motion for summary judgment seeking damages with respect to the lease of the dairy barn together with interest at the statutory rate (*see* CPLR 5004) commencing from the date of entry of the order appealed from. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.