**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2288-22

INGLESINO, WEBSTER,
WYCISKALA & TAYLOR,
LLC,

     Plaintiff-Appellant,

v.

SAPPHIRE ASSISTED LIVING,
LLC, RAJ BHARADWAJ, and
BRINDHA PRASAD,

     Defendants-Respondents.

_____

Argued December 4, 2023 – Decided February 27, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-001413-22.

Stacy B. Fronapfel argued the cause for appellants (Michael S. Harrison, attorney; Stacy B. Fronapfel, on the briefs).

Adam Scott Rosengard argued the cause for respondents Raj Bharadwaj and Brindha Prasad

(Eisenberg, Gold & Agrawal, PC, attorneys; Adam Scott Rosengard, on the brief).

PER CURIAM

Plaintiff Inglesino, Webster, Wyciskala & Taylor, LLC appeals from the trial court's order dismissing its complaint against defendants Raj Bharadwaj and Brindha Prasad without prejudice. Having reviewed the record, we affirm the trial court's decision concluding defendants did not sign the retainer agreement at issue in this appeal in their individual capacities and, therefore, were not personally liable for the agreement.

On April 17, 2021, Bharadwaj, as president, and Prasad, as director, of defendant Sapphire Assisted Living, LLC's (Sapphire) signed a retainer agreement hiring plaintiff to represent Sapphire in connection with an administrative matter. The retainer agreement included the following provision: "Further, although [plaintiff] will serve as counsel to [Sapphire] and not [Bharadwaj and Prasad] personally, you are the owners/officers of the company and agree to be personally liable to the firm for fees and disbursements." The retainer agreement did not have a separate signature line for the officers to sign as individuals, and the parties did not execute a separate personal guaranty. Subsequently, Sapphire failed to pay plaintiff for the legal services rendered.

On March 23, 2022, plaintiff filed a complaint against the three named defendants, seeking $15,000 for legal services rendered to Sapphire. On May 2, 2022, Bharadwaj and Prasad moved to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e) for failure to state a claim. On August 5, 2022, following oral argument, the trial court dismissed the complaint without prejudice, finding the retainer agreement was not signed by Bharadwaj and Prasad in their personal capacities and there was no separate personal guaranty agreement holding them personally liable for Sapphire's legal bills. Sapphire did not answer the complaint and a default judgment was entered. This appeal followed.

On appeal, plaintiff presents two arguments. Plaintiff argues the court erroneously dismissed the complaint against Bharadwaj and Prasad without any evidence that the agreement was not signed in their individual capacities. Plaintiff also argues the agreement clearly states that Bharadwaj and Prasad agreed to be personally liable to the firm for fees and disbursements.

We review de novo a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the

complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). Thus, "the complaint must be searched thoroughly 'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

When resolving questions concerning the interpretation of guaranty contracts, we look to the rules governing construction of contracts generally. Garfield Trust Co. v. Teichmann, 24 N.J. Super. 519, 526 (App. Div. 1953). To enforce a promise to be liable for the obligation of another person, the agreement "shall be in a writing signed by the person assuming liability or by that person's agent." N.J.S.A. 25:1-15. "Generally, a guarantor is a different person from the maker or, if the same person, signs in different capacities when signing as maker and guarantor (e.g., an individual may sign as an officer of a corporate maker and also sign individually as a guarantor of the corporate obligation)." Ligran, Inc. v. Medlawtel, 86 N.J. 583, 589 (1981). "A guaranty is a separate and independent contract. The guarantor is not a party to the contract between the principal obligor and the guarantee, and the principal obligor is not a necessary

party to the contract of guaranty." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 398 n.5 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

We consider plaintiff's arguments that (1) the complaint was dismissed without evidence and that the retainer agreement was not signed by Bharadwaj and Prasad in their individual capacities, and (2) they were personally liable for fees and disbursements incurred by plaintiff. We reject plaintiff's arguments.

Here, the record shows the retainer agreement was signed by Sapphire's corporate officers Bharadwaj and Prasad. Notwithstanding the provision in the retainer agreement that Bharadwaj and Prasad "would be personally liable to [plaintiff] for fees and disbursements," the agreement did not contain separate signature lines binding them as individuals. The record also does not contain a personal guaranty signed by defendants in accordance with N.J.S.A. 25:1-15. Plaintiff's complaint was therefore inadequate because a "cause of action [was not] 'suggested' by the facts." Printing Mart-Morristown, 116 N.J. at 746 (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

Having considered the retainer agreement which formed the basis of plaintiff's complaint, the trial court properly concluded plaintiff's complaint failed to state a basis for relief and, therefore, was dismissed without prejudice. Nostrame v. Santiago, 213 N.J. 109, 128 (2013). We determine the trial judge

A-2288-22

mischaracterized the order as "without prejudice" when the court had, in fact, fully and finally disposed of the issue. See Morris County v. 8 Court Street, Ltd., 223 N.J. Super. 35, 38-39 (App. Div. 1988). Moreover, discovery would not have provided plaintiff with a basis for relief, and therefore, dismissal of was appropriate. See Cty. of Warren v. State, 409 N.J. Super. 495, 503 (App. Div. 2009); see also Grow Co. v. Chokshi, 403 N.J. Super. 443, 462-63 (App. Div. 2008) (concluding it would be inequitable under the circumstances presented to dismiss an appeal from an interlocutory order dismissing a complaint without prejudice).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2288-22