■ INDUSTRIAL EQUIPMENT CREDIT CORPORATION, Respondent-Appellant, v BERNARD GREEN et al., Appellants-Respondents. — Judgment, Supreme Court, New York County (Alexander, J.), entered February 26, 1982, which awarded plaintiff the sum of $77,923.34 and implicitly denied its claim for attorney's fees, modified, on the law, and matter remanded for an assessment of attorney's fees, and as modified, affirmed, without costs. Order, Supreme Court, New York County (Alexander, J.), entered June 23, 1982, which denied defendant's motion for reconsideration, or in the alternative, for a new trial, affirmed, without costs. For the reasons stated by the trial court in its opinion dated December 28, 1981, we agree that the plaintiff, as assignee of an equipment lease, is entitled to recover $49,354.23 together with interest from the defendant guarantors. We also agree with the trial court's decision, dated April 2, 1982, which denied defendants' motion for reconsideration, or in the alternative, for a new trial. However, we disagree with the court's determination, dated February 23, 1982, which specifically denied plaintiff's request for an award of attorney's fees. To the extent here relevant, paragraph 16 of the lease provides: "Lessee shall be liable for all expenses and costs Lessor incurs or may incur in connection with the enforcement of any of its remedies herein, including attorneys' fee equal to twenty percent (20%) of the sums due and/or to become due, or such lesser amount as may be required by law". Upon this contractual provision, the plaintiff may be entitled to recover an attorney's fee of 20% if it can demonstrate that the quality and quantity of the legal services rendered were such as to warrant, on a *quantum meruit* basis, that full percentage. If the plaintiff does not make that demonstration, then a reasonable attorney's fee should be set by the court upon a *quantum meruit* basis. (*Matter of First Nat. Bank of East Islip v Brower,* 42 NY2d 471, 474.) The value of the legal services rendered by plaintiff's counsel is not evident from this record. Therefore, this matter must be remanded for an assessment of those damages. Concur — Murphy, P. J., Sandler, Ross and Kassal, JJ.