■ KAMCO SUPPLY CORP., Respondent, v ANNEX CONTRACTING, INC., et al., Appellants. [689 NYS2d 189] —In an action to recover money due and owing for construction materials supplied

and delivered, the defendants appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 25, 1998, which denied their motion to vacate a stipulation of settlement between the parties and a judgment of the same court, entered March 25, 1998, thereon.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to vacate the judgment entered on the stipulation, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith and the entry of an appropriate amended judgment.

On August 2, 1995, the plaintiff, Kamco Supply Corp. (hereinafter Kamco), a construction material supply company, agreed to sell construction materials on credit to the defendant Annex Contracting, Inc. (hereinafter Annex), a contractor. On the same date, the defendant Jeremiah J. King, the President of Annex, executed a personal guarantee of payment. Both the agreement and the guarantee provided for the payment of attorneys' fees of one-third of the amount of any debt arising under the agreement that was turned over to an attorney for collection.

It is undisputed that during the period from October 1997 until February 1998, Annex worked on construction jobs for which Kamco supplied materials. It is also undisputed that the materials supplied by Kamco were invoiced to Annex and that certain of the invoices remained unpaid. Accordingly, in March 1998, Kamco commenced this action to recover various unpaid balances due, allegedly totalling $481,616.45. Further, in accordance with the agreement and guarantee, Kamco sought attorneys' fees in the sum of $160,538.82, or one-third of debt allegedly due.

On March 20, 1998, King, individually and as President of Annex, executed a stipulation of settlement concerning the litigation. The stipulation provided, *inter alia*, that Kamco was entitled to enter judgment for the relief sought in its complaint without further notice, and that Kamco would credit the defendants for any payments received toward the amount set forth in the complaint.

On March 25, 1998, Kamco entered a "Default Judgment" against the defendants in the total sum of $642,605.27, representing the balance allegedly due for materials, an award of an attorneys' fee, and $450 in costs and disbursements.

The defendants moved to vacate the stipulation of settlement and the judgment entered thereon. The defendants alleged, among other things, that the stipulation was the product of fraud and duress and that the amount of the judgment was incorrect. Further, they argued that the amount of the attorneys' fee awarded was not reasonable. In the order appealed from, the Supreme Court denied that relief. We now modify.

The defendants failed to establish any basis for vacating the stipulation of settlement (*see, Hallock v State of New York,* 64 NY2d 224; *Matter of Matinzi v Joy,* 60 NY2d 835; *Rapp v Briarcliff Contemporaries,* 190 AD2d 785; *Heimuller v Amoco Oil Co.,* 92 AD2d 882). However, Kamco has conceded that certain payments have been accepted toward the debt allegedly owed, and that those amounts must be credited toward the balance owed, in accordance with the parties' stipulation. Accordingly, the matter is remitted for determination of the amount of such credits and entry of an appropriate amended judgment.

Further, the award of an attorneys' fee based solely on the fixed rate set forth in the agreement and guarantee was improper. An award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered (*see, Industrial Equip. Credit Corp. v Green,* 62 NY2d 903; *Matter of First Natl. Bank v Brower,* 42 NY2d 471; *cf., Republic Natl. Bank v Zimmcor U.S.A. Corp.,* 203 AD2d 107; *Coniglio v Regan,* 186 AD2d 709). Here, from the record presented, such a determination cannot be made. Accordingly, the matter must be remitted for a determination as to an appropriate award of attorneys' fees and entry of an amended judgment accordingly. We note that an amended judgment as to attorneys' fees should reflect the credits for payments made and accepted.

The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.