■ ORIX CREDIT ALLIANCE, INC., Appellant-Respondent, v GRACE INDUSTRIES, INC., et al., Respondents-Appellants. [690 NYS2d 651] —In an action, *inter alia*, to recover on a conditional sale contract note, the plaintiff appeals, on the ground of inadequacy, and the defendants cross-appeal from (1) an order of the Supreme Court, Queens County (Lisa, J.), dated April 27, 1998, which granted the plaintiff's motion for an award of attorneys' fees in the aggregate amount of $97,000, and (2) so much of a judgment of the same court dated May 14, 1998, as was entered upon the order.

Ordered that the appeal and cross appeal from the order are dismissed; without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, Grace Industries, Inc., was contractually obligated to pay to the plaintiff reasonable attorneys' fees incurred in the enforcement of the plaintiff's rights under a conditional sale contract note and a "condition of purchase", which together constituted a single instrument (*see, BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850). The parties' agreement was the product of arm's length negotiation "by sophisticated businessmen represented by counsel" (*Orix Credit Alliance v Grace Indus.,* 211 AD2d 705, 706), and the provisions requiring the payment of attorneys' fees were not unconscionable (*see generally, Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516). Nevertheless, the Supreme Court was not bound by the fixed percentage set forth in the contract, but had the inherent authority

to determine reasonable attorneys' fees (*see, Matter of First Natl. Bank v Brower,* 42 NY2d 471; *D'Antoni v Ansell,* 184 AD2d 678; *Industrial Equip. Credit Corp. v Green,* 92 AD2d 838, *affd* 62 NY2d 903; *Matter of Mead v First Trust & Deposit Co.,* 60 AD2d 71). Considering the factors to be weighed in determining reasonable counsel fees (*see, Matter of Freeman,* 34 NY2d 1; *Matter of Ury,* 108 AD2d 816) and the particular circumstances of this case, we conclude that the amount of attorneys' fees awarded by the Supreme Court in connection with the enforcement of the note and guarantees is supported by evidence in the record and did not constitute an improvident exercise of discretion. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.