■ YONKERS RIB HOUSE, INC., et al., Respondents, v 1789 CENTRAL PARK CORP. et al., Appellants. [869 NYS2d 908]—In an action, inter alia, to recover damages for breach of a promissory note, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Loehr, J.), entered July 13, 2007, and (2) an amended judgment of the same court entered September 21, 2007, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $314,883.84.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to set forth the factors considered and the reasons for its determination with respect to the plaintiffs' request for an award of an attorney's fee, and the appeals are held in abeyance in the interim. The Supreme Court, Westchester County, shall file its report with all convenient speed.

While the plaintiffs are entitled to an attorney's fee award pursuant to the subject promissory note, "[a]n award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contr.,* 261 AD2d 363, 365 [1999]). The record as to the attorney's fee awarded to the plaintiffs, however, is not sufficiently developed to permit appellate review. We therefore remit the matter to the Supreme Court, Westchester County, for the purpose of setting forth the factors considered in determining the award of an attorney's fee to the plaintiffs and the reasons therefor (*see Matter of Gamache v Steinhaus,* 7 AD3d 525, 527 [2004]; *Gutierrez v Direct Mktg. Credit Servs.,* 267 AD2d 427, 427-428 [1999]; *Matter of Rahmey v Blum,* 95 AD2d 294 [1983]). Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.