■ Yonkers Rib House, Inc., et al., Respondents, v 1789 Central Park Corp. et al., Appellants. [880 NYS2d 148]—In an action, inter alia, to recover damages for breach of a promissory note, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Loehr, J.), entered July 13, 2007, and (2) an amended judgment of the same court entered September 21, 2007, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $314,883.84. By decision and order of this Court dated January 13, 2009, the appeals were held in abeyance and the matter was remitted to the Supreme Court, Westchester County, to set forth the factors considered and the reason for its determination with respect to the award of an attorney's fee (see Yonkers Rib House, Inc. v 1789 Cent. Park Corp., 58 AD3d 618 [2009]). The Supreme Court has now filed its report.

Ordered that the appeal from the judgment entered July 13, 2007 is dismissed, as the judgment was superseded by the amended judgment entered September 21, 2007; and it is further,

Ordered that the amended judgment entered September 21, 2007 is modified by deleting the provision thereof awarding the plaintiffs an attorney's fee in the sum of $77,841, and substituting therefor a provision awarding the plaintiffs an attorney's fee in the sum of $77,838; as so modified, the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The Supreme Court properly determined that the subject promissory note, which called for the defendants' payment of interest at the maximum rate permissible under New York law from the original date of the note until payment in full, was not usurious (see Feldman v Kings Highway Sav. Bank, 278 App Div 589 [1951], affd 303 NY 675 [1951]; cf. Union Estates Co. v Adlon Constr. Co., 221 NY 183, 187 [1917]), and that the defendants failed to demonstrate that they made a proper, timely tender of sufficient sums due and owing (see Home Sav. of Am. v Isaacson, 240 AD2d 633 [1997]).

"An award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (Kamco Supply Corp. v Annex Contr., 261 AD2d 363, 365 [1999]). The defendants did not challenge the amount of the attorney's fee in the Supreme Court, and, thus, the issue is unpreserved for appellate review (see CPLR 5501 [a]). However, in "recognition of the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent

and statutory power to regulate the practice of law" (*SO/ Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 987 [2006], quoting *Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]), we previously reached this issue, stated that the plaintiffs were entitled to an award of an attorney's fee, and remitted the matter to the Supreme Court for the purpose of setting forth the factors considered in determining the award of an attorney's fee to the plaintiffs and the reasons therefor (*see Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 58 AD3d 618 [2009]; *see generally Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]; *Gutierrez v Direct Mktg. Credit Servs.*, 267 AD2d 427, 427-428 [1999]; *Matter of Rahmey v Blum*, 95 AD2d 294 [1983]). Upon our review of the Supreme Court's order entered February 5, 2009, we find that the award of an attorney's fee to the plaintiffs was reasonable and warranted for the services actually rendered (*see generally Kamco Supply Corp. v Annex Contr.*, 261 AD2d at 365). However, we modify the award to correct the Supreme Court's admitted error in computation. The amended judgment erroneously awarded the plaintiffs $77,841 as an attorney's fee instead of $77,838. Accordingly, we modify the amended judgment to reflect the award of an attorney's fee to the plaintiffs in the sum of $77,838 (*see* CPLR 5019 [a]; *see also Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471, 473 [2005]).

The defendants' remaining contentions are without merit. Fisher, J.P., Balkin, Dickerson and Chambers, JJ., concur.