■ PAMELA PRINCE, Appellant-Respondent, v ANDREW SCHACHER et al., Respondents-Appellants, et al., Defendants. [2 NYS3d 585]—

In an action, inter alia, to recover on a promissory note and for an award of counsel fees, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 3, 2013, as denied her motion for summary judgment on the first and second causes of action of the complaint insofar as asserted against the defendant Andrew Schacher, the defendants Andrew Schacher, KB&AS, a New York Partnership, and A. Schacher and K. Brennan, LLC, cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Keith Brennan cross appeals from the same order.

Ordered that the cross appeal by the defendant Keith Brennan is dismissed, as he is not aggrieved by the order appealed from (*see* CPLR 5511) and, in any event, that defendant's cross appeal has been abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against the defendant Andrew Schacher and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the second cause of action insofar as asserted against the defendant Andrew Schacher and substituting therefor a provision granting that branch of the motion to the extent of awarding the plaintiff summary judgment on the issue of liability and otherwise denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from and insofar as cross-appealed from by the defendants Andrew Schacher, KB&AS, a New York Partnership, and A. Schacher and K. Brennan, LLC, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the reasonable counsel fees to which the plaintiff is entitled under the second cause of action; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Andrew Schacher, KB&AS, a New York Partnership, and A. Schacher and K. Brennan, LLC.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the first cause of action, to recover on a promissory note, insofar as asserted against the defendant Andrew Schacher, by submitting evidence that Schacher executed the subject note, that the note contained an unconditional promise by Schacher to pay the plaintiff, and that Schacher failed to make payment in accordance with the note's terms (*see Von Fricken v Schaefer*, 118 AD3d 869, 870 [2014]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]; *Gullery v Imburgio*, 74 AD3d 1022 [2010]). Schacher failed to raise a triable issue of fact in opposition to the plaintiff's showing. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on her first cause of action insofar as asserted against Schacher.

The plaintiff also sought summary judgment on her second cause of action insofar as asserted against Schacher. The second cause of action was for an award of counsel fees incurred

to enforce the note in an amount equal to 20% of the principal and interest due on the note, as expressly set forth in the instrument. However, while the plaintiff established as a matter of law that she is entitled to an award of counsel fees incurred in enforcing the note, the court "[is] not bound by the fixed percentage set forth in the [note], but [has] the inherent authority to determine reasonable attorneys' fees" (*Orix Credit Alliance v Grace Indus.*, 261 AD2d 521, 521-522 [1999]; *see Matter of Stortecky v Mazzone*, 85 NY2d 518, 525-526 [1995]; *Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]; *Equitable Lbr. Corp. v IPA Land Dev. Corp.*, 38 NY2d 516, 522 [1976]; *Industrial Equip. Credit Corp. v Green*, 92 AD2d 838 [1983], *affd* 62 NY2d 903 [1984]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the second cause of action, and determined the reasonable counsel fees to which the plaintiff is entitled for the enforcement of the note against the defendant Schacher (*see e.g. Friedman v Miale*, 69 AD3d 789, 791-792 [2010]). We therefore remit the matter to the Supreme Court, Nassau County, to determine the reasonable counsel fees to which the plaintiff is entitled.

The Supreme Court properly denied the cross motion by the defendants Andrew Schacher, KB&AS, a New York Partnership, and A. Schacher and K. Brennan, LLC (hereinafter collectively the defendants), for summary judgment dismissing the complaint insofar as asserted against them, as they failed to establish their prima facie entitlement to that relief, either on the ground that the subject note was invalid because it was the product of economic duress (*see Sitar v Sitar*, 61 AD3d 739, 742 [2009]; *see generally Stewart M. Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956 [1976]), or because the plaintiff failed to fulfill a condition precedent (*see Bank of Suffolk County v Kite*, 49 NY2d 827, 828 [1980]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 576-577 [2006]).

The defendants' remaining contentions are without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.