■ PFT Technology, LLC, Plaintiff/Counterclaim Defendant-Appellant-Respondent, v Robert Wieser, Defendant/Counterclaim Plaintiff-Respondent-Appellant, et al., Additional Counterclaim-Defendants. [10 NYS3d 548]—In an action, inter alia, to recover damages for breach of fiduciary duty and for the judicial dissolution of the subject limited liability company, the plaintiff/counterclaim defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 20, 2014, as, upon renewal, granted the motion of the defendant/counterclaim plaintiff for summary judgment on his fourth counterclaim for reimbursement and advancement of legal expenses, which had been denied in an order of the same court dated July 1, 2013, to the extent of awarding the defendant/counterclaim plaintiff the sum of $100,000, and the defendant/counterclaim plaintiff cross-appeals, as limited by his brief, from so much of the same order as, upon renewal, awarded him the sum of only $100,000 for reimbursement and advancement of legal expenses.

Ordered that the order dated February 20, 2014, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In support of his renewed motion for summary judgment on his fourth counterclaim for reimbursement and advancement of legal expenses, Robert Wieser, the defendant/counterclaim plaintiff, established his prima facie entitlement to judgment as a matter of law. Pursuant to the operating agreement of the plaintiff, Wieser is entitled to immediate interim relief of reimbursement and advancement of legal expenses incurred in connection with this action (see Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645 [2013]; Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 9 [2009]). In opposition, PFT Technology, LLC (hereinafter PFT), the plaintiff/counterclaim defendant, failed to raise a triable issue of fact. Moreover, contrary to the contentions of both Wieser and PFT, the Supreme Court providently exercised its discretion in determining, upon renewal, that the sum of $100,000 in legal expenses was reasonable under the circumstances of this case (see Wodecki v Vinogradov, 125 AD3d 645 [2015]; Yonkers Rib House, Inc. v 1789 Cent. Park Corp., 63 AD3d 726 [2009]; SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986 [2006]).

The parties' remaining contentions are without merit. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.