Coffey v Tretola (2020 NY Slip Op 00399)





Coffey v Tretola


2020 NY Slip Op 00399


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11960
2019-14000
 (Index No. 601143/18)

[*1]Timothy P. Coffey, appellant,
v
Martin Tretola, et al., respondents.


The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck of counsel), for appellant.
The Russell Friedman Law Group, LLP, Lake Success, NY (Jennifer B. Strong and Daniel Hallak of counsel), for respondents.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered July 6, 2018, and (2) an order of the same court entered October 3, 2018. The order entered July 6, 2018, insofar as appealed from, denied that branch of the plaintiff's motion which was for an award of attorney's fees and, in effect, denied that branch of the plaintiff's motion which was for an award of interest at a rate of 2% per month from the date of default. The order entered October 3, 2018, denied the plaintiff's motion for leave to reargue those branches of his prior motion.
ORDERED that the appeal from the order entered October 3, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered July 6, 2018, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion for summary judgment in lieu of complaint which were for an award of attorney's fees and an award of interest at a rate of 2% per month from the date of default are granted, the motion and answering papers are deemed to be the complaint and answer, respectively, and the matter is remitted to the Supreme Court, Nassau County, for a determination of a reasonable amount of attorney's fees to be awarded, following the submission of a detailed affidavit of services and, if necessary, for a hearing on that issue, and thereafter for the entry of an appropriate judgment; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff commenced this action to recover on a promissory note executed by the defendants, which was secured by a mortgage. The plaintiff sought, inter alia, an award of attorney's fees and an award of interest at a rate of 2% per month from the date of default, April 1, 2015. In an order entered July 6, 2018, the Supreme Court granted the plaintiff leave to enter judgment against the defendants in the amount of $330,000, with interest at 10% per annum from September 1, 2015. The Supreme Court concluded that the plaintiff was not entitled to an award of attorney's fees because he "elected to proceed on the note, rather than the mortgage." The plaintiff appeals from so much of that order as denied that branch of his motion which was for an award of attorney's fees and, in effect, denied [*2]that branch of his motion which was for an award of interest at the rate of 2% per month from the date of default.
A promissory note may incorporate by reference terms set forth in the mortgage securing the debt (see Danielowich v PBL Dev., 292 AD2d 414, 415; Yoi-Lee Realty Corp. v 177th St. Realty Assoc., 208 AD2d 185, 189-190). A loan agreement may provide for a higher rate of interest to apply in the event of a borrower's default (see NML Capital v Republic of Argentina, 17 NY3d 250, 258-259, 262) and may provide for the payment of attorney's fees incurred to enforce the agreement (see Prince v Schacher, 125 AD3d 626; Levine v Infidelity, Inc., 2 AD3d 691, 692).
Here, the note provided that "all of the covenants, conditions and agreements contained" in the mortgage securing the debt were "made part of this instrument." The mortgage provided that in the event of the mortgagors' default, the interest rate would "be two percent (2%) per month from the date of default, on all sums due the mortgagee." It further provided that the mortgagee would be entitled to an award of "reasonable legal fees and expenses" in the event that the mortgagee was "required to initiate any formal legal action in order to protect his interests in the event of a default." Accordingly, in this action to recover on the note, the plaintiff was entitled to an award of interest at a rate of 2% per month from the date of default and an award of attorney's fees, and those branches of the plaintiff's motion which sought such relief should have been granted. Since an award of attorney's fees "pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (Kamco Supply Corp. v Annex Contr., 261 AD2d 363, 365), we remit the matter to the Supreme Court, Nassau County, for a determination of a reasonable amount of attorney's fees to be awarded (see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 987-988; Kamco Supply Corp. v Annex Contr., 261 AD2d at 365).
The defendants' remaining contentions are without merit.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court