DB Auraria, LLC v Nelson (2024 NY Slip Op 03079)

DB Auraria, LLC v Nelson

2024 NY Slip Op 03079

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Index No. 653436/22 Appeal No. 2436 Case No. 2023-03687 

[*1]DB Auraria, LLC, Plaintiff-Respondent,
v
Patrick Nelson et al., Defendants-Appellants.

Moskowitz Colson Ginsberg & Schulman, LLP, New York (Peter R. Ginsberg of counsel), for appellants.
King & Spalding LLP, New York (Arthur J. Steinberg of counsel), and King & Spalding LLP, Atlanta GA (Jonathan W. Jordan of the bar of the State of Georgia, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about May 8, 2023, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.
Plaintiff satisfied its burden on its CPLR 3213 motion for summary judgment in lieu of complaint. Plaintiff submitted the guaranty executed by defendants, the underlying loan agreement, the assignment of the loan agreement and accompanying documents to plaintiff, and evidence establishing the borrower's default and defendants' failure to perform under the guaranty (see BBM3, LLC v Vosotas, 216 AD3d 403, 403-404 [1st Dept 2023]; see also Simon v Industry City Distillery, Inc., 159 AD3d 505 [1st Dept 2018]).
Defendants failed to raise a triable issue of fact. Contrary to their contentions, the guaranty here is an instrument for the payment of money only as it unconditionally guarantees the borrower's obligation to pay its debt (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610 [1st Dept 2024]; 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 632 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). Defendants' reliance on the loan agreement's reference to certain "Other Obligations" to show that the guaranty required performance is unavailing as the loan agreement imposes these obligations on the borrower and not on defendants as the guarantor (see DB 232 Seigel Mezz LLC, 223 AD3d at 611). Defendants' argument that plaintiff's parent company breached its duty of good faith and fair dealing by reneging on its promise in a "term sheet" to provide funding is also unavailing as defendants' unconditional and absolute guaranty precludes such defenses (see Great Rock Capital Partners Mgt., LLC v Wingtip Communications, Inc., 224 AD3d 442, 445 [1st Dept 2024]; see also DB 232 Seigel Mezz LLC, 223 AD3d at 611). In any event, the term sheet, which expressly stated that it was nonbinding, has no bearing on the guaranty or the underlying loan agreement.
The motion court properly determined that interest should be calculated from the date of the first event of default, which occurred when a mechanic's lien was placed on the property on December 9, 2020. It is undisputed that the uncured mechanic's lien is an event of default under the terms of the loan agreement and that plaintiff is entitled to default interest dating back to the first event of default (see e.g. Coffey v Tretola, 179 AD3d 889, 890 [2d Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024