**QFS Capital, LLC v MMOA Group LLC**

2025 NY Slip Op 31526(U)

April 28, 2025

Supreme Court, Rockland Counrty

Docket Number: Index No. 033212/2024

Judge: David Fried

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

To commence the statutory time period for appeals as of right (CPLR §5513 [a]), you are advised to serve a copy of this Order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------------------------------------X

QFS CAPITAL, LLC,

                                Plaintiff,

          -against-

MMOA GROUP LLC and ANNA LEAL,

                             Defendants.

------------------------------------------------------------------------X

**HON. DAVID FRIED, A.J.S.C.**

**DECISION & ORDER**

Index No. 033212/2024
Motion Sequence No. 3

The papers filed electronically via NYSCEF numbered 41 through and including 50 ("Motion") were read and considered herein. Upon such reading and consideration, the Motion is disposed as follows:

## BACKGROUND

This action was commenced by way of the filing of a Summons and Verified Complaint on June 7, 2024, stemming from Defendants MMOA Group LLC ("Defendant Company") and Anna Leal's ("Guarantor" and, together with Defendant Company, "Defendants") alleged failure to deliver the future receivables purchased by Plaintiff QFS Capital, LLC ("Plaintiff") in accordance with an agreement entered between the parties.

Plaintiff contends that in accordance with the agreement, Plaintiff is owed the balance of $35,515.49, plus NSF fees in the amount of $1,085.00, an early termination fee in the amount of $482.19, a UCC filing fee in the amount of $250.00, and attorney's fees in the amount of $8,878.87, totaling $46,211.25, plus interest from the date of default, January 22, 2024, plus cost and disbursements in the amount of $455.00.

Notwithstanding that Defendants filed an Answer with affirmative defenses to the Complaint on July 7, 2024, this Court struck Defendants' Answer at a March 31, 2025 compliance conference due to Defense Attorney Jeffrey Davis' repeated failure to appear before the undersigned, despite being ordered to do so, and the utter failure to comply with any of the Court's discovery orders. Attorney

[* 1]

Davis first failed to appear at a preliminary conference on November 20, 2024. Notwithstanding said nonappearance, Attorney Davis was informed of the discovery schedule issued at the conference by way of a letter uploaded to NYSCEF (NYSCEF Document No. 26). On March 11, 2025, in response to letters filed by Plaintiff's counsel indicating that Defendants had been unresponsive to several discovery demands, the Court directed attorneys of record to appear for a compliance conference on March 31, 2025 and to confer telephonically beforehand as to the scheduling of deposition dates. At the March 31, 2025 conference, Attorney Davis failed to appear for a second time – sending coverage in his place, despite the clear and unequivocal order of this Court that *attorneys of record* appear, and Plaintiff's counsel informed the Court that Defendants made absolutely no progress with discovery in the four months since the issuance of the discovery scheduling order. Thus, in addition to striking Defendants' Answer, the Court directed that if Plaintiff intended to move for a default, to do so by May 2, 2025 – as Plaintiff still needed to establish the viability of its claim in order to secure relief herein.

On March 31, 2025, Plaintiff filed the within Motion, pursuant to CPLR §3215, seeking an Order for a default judgment against Defendants. Defendants oppose the Motion, contending flippantly and with apparent disregard to the procedural history of this matter, that the Motion is "baseless," "makes no sense whatsoever," and that same is "preposterous and worthy of sanctions and costs to Defendants" (NYSCEF Document No. 50 ¶¶ 4 & 9). Noteworthy, the same attorney who repeatedly failed to appear as required and who did not comply with the Court's discovery scheduling order, is the affirmant who places such wholly frivolous contentions before this Court.

## DISCUSSION

CPLR §3215(a) states in pertinent part: "When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." Plaintiff has established that a default judgment against Defendants is appropriate here. As set forth above, this Court previously struck Defendants' Answer at a March 31, 2025 conference before the undersigned, and thereby, Defendants are in default. With respect to the requirement that a meritorious action be shown, Plaintiff submits a Verified Complaint and Affirmation of Benjamin Hinke, Plaintiff's Manager, which demonstrates merit therein (*see Clarke v. Liberty Mutual Fire Ins.*, 150 AD3d 1192 [2d Dept 2017]). Defendants have not raised any meritorious defense to the within motion, and their opposition appears to have been drafted without insight as to the procedural impacts of the striking of one's pleading.

"The Default Fee [termed in Plaintiff's supporting papers as an 'an early termination fee'], however, is an unenforceable penalty. Here, the amount of damages upon a breach is readily ascertainable: it is the sum remaining due on the factoring agreement…. Plaintiffs in this industry are unquestionably capable and able to calculate the amount due on a default, as continuously illustrated by the plethora of cases of this type filed in the [Ninth] Judicial District" (*see Byzfunder NY LLC v. Holy City Collision LLC*, 80 Misc3d 1208[A], 194 NYS3d 924 [Sup Ct Ontario Cty 2023]).

Plaintiff is also requesting a fixed attorneys' fee award of 25% of the balance of the amount due. The Supreme Court is not bound by the fixed percentage set forth in the agreement but, instead, has the inherent authority to determine reasonable attorneys' fees. *Orix Credit Alliance Inc. v. Grace Industries, Inc.*, 261 A.D.2d 521, 521-522, 690 N.Y.S.2d 651 (2d Dept. 1999); *Prince v. Schacher*, 125 A.D.3d 626, 628, 2 N.Y.S.3d 585 (2d Dept. 2015). Thus, an award of attorneys' fees pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered. *Kamco Supply Corp. v. Annex Contracting Inc.*, 261 A.D.2d 363, 689 N.Y.S.2d 189 (2d Dept. 1999); *Lupo v. Anna's Lullaby Café, LLC*, 189 A.D.3d 1205, 138 N.Y.S.3d 103 (2d Dept. 2020); *Coffey v. Tretola*, 179 A.d.3d 889, 890, 119 N.Y.S.3d 179 (2d Dept. 2020).

Accordingly, "a fixed percentage fee, as requested here, is viewed only as a maximum fee, limiting the amount of reasonable attorney's fees which the plaintiff may charge upon proving the extent of the necessary services." *Mead v. First Trust & Deposit Co.*, 60 A.D.2d 71, 78, 400 N.Y.S.2d 936 (4th Dept. 1977). An award of reasonable attorneys' fees is within the sound discretion of the court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel. *SO/Bluestar LLC v. Canarsie Hotel Corp.*, 33 A.D.3d 986, 825 N.Y.S.2d 80, 82 (2d Dept. 2006).

Plaintiff may be entitled to recover an attorney's fee of a fixed percentage if it can demonstrate that the quality and quantity of the legal services rendered were such as to warrant, on a *quantum meruit* basis, that full percentage. *Industrial Equipment Credit Corp. v. Green*, 92 A.D.2d 838, 460 N.Y.S.2d 337 (1st Dept. 1983). If the Plaintiff does not make that demonstration, then a reasonable attorney's fee should be set by the court upon a *quantum meruit* basis. *Id.* Where the value of the legal services rendered by Plaintiff's counsel is not evident from the record, the matter may be remanded for an assessment of those damages. *Id.* Here, Plaintiff has offered absolutely no evidence, by way of billing statements or otherwise, that the amount of time expended by counsel related to its pursuit of this debt.

Since a *quantum meruit* award cannot be issued on this record, if Plaintiff does intend for the Court to contemplate an award of attorney's fees, Plaintiff is accorded fifteen (15) days from the date of this Decision & Order, to provide a proper affirmation, along with billing statements, and other proofs ("supporting documents"), to this Court in furtherance of a *quantum meruit* assessment. Submit the supporting documents, via NYSCEF, as correspondence to the Court. Ensure that the submission is filed in connection with this motion sequence, and in the description, enter: "Documents in Support of Attorney Fee Application." Do not initiate a new motion. Plaintiff shall not enter Judgment for the principal sum awarded herein until such time that the attorney's fees assessment is determined by the Court. Failure to strictly comply with the directives contained herein shall constitute a waiver of the application for attorney's fees.

If Plaintiff no longer wishes the Court to contemplate an award of attorney's fees, then, Plaintiff may enter Judgment against Defendants in the amount of $36,850.49 plus pre-judgment interest at 9% from

[* 3]

January 22, 2024 to the date of entry of judgment, post-judgment interest, and costs and disbursements as taxed by the Rockland County Clerk.

In light of the foregoing, it is hereby

**ORDERED**, that Plaintiff's Motion for a default judgment in favor of Plaintiff, as against Defendants, is GRANTED to the extent specified herein; and it is further

**ORDERED**, that if Plaintiff does intend for the Court to contemplate an award of attorney's fees, Plaintiff is accorded fifteen (15) days from the date of this Decision & Order, to provide a proper affirmation, along with billing statements, and other proofs ("supporting documents"), to this Court in furtherance of a *quantum meruit* assessment. Submit the supporting documents via NYSCEF as correspondence to the Court. Ensure that the submission is filed in connection with this motion sequence, and in the description, enter: "Documents in Support of Attorney Fee Application." Do not initiate a new motion. Plaintiff shall not enter Judgment for the principal sum awarded herein until such time that the attorney's fees assessment is determined by the Court. Failure to strictly comply with the directives contained herein shall constitute a waiver of the application for attorney's fees; and it is further

**ORDERED**, that if Plaintiff no longer wishes the Court to contemplate an award of attorney's fees, then, Plaintiff may enter Judgment against Defendants, jointly and severally, in the amount of THIRTY SIX THOUSAND EIGHT HUNDRED FIFTY DOLLARS AND 49/100 CENTS ($36,850.49) plus pre-judgment interest at 9% from January 22, 2024, to the date of entry of judgment, post-judgment interest, plus cost and disbursements as taxed by the Rockland County Clerk, without further leave of Court; and it is further

**ORDERED**, that Plaintiff shall serve a copy of this Decision & Order, with Notice of Entry, upon Defendants via NYSCEF and certified mail within ten (10) days of the entry hereof, and by such date shall also upload to NYSCEF, an affirmation of such service. Annex to said affirmation of service, proof of said certified mailing and include the certified mailing tracking number.

The foregoing constitutes the Decision & Order of this Court.

Dated: New City, New York
      April 28, 2025

E N T E R:

_____
**HON. DAVID FRIED, A.J.S.C.**
STATE OF NEW YORK
COUNTY OF ROCKLAND

[* 4]