**LTWHP, LLC v Dray Industria e Comercio, Ltd**

2026 NY Slip Op 30908(U)

March 11, 2026

Supreme Court, New York County

Docket Number: Index No. 654768/2025

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

LTWHP, LLC

|  | |  |
|---|---|---|
| **INDEX NO.** | 654768/2025 |

Plaintiff,

| **MOTION DATE** | 11/06/2025 |
|---|---|

- v -

DRAY INDUSTRIA E COMERCIO, LTD,

| **MOTION SEQ. NO.** | 001 |
|---|---|

Defendant.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion for            DEFAULT JUDGMENT     .

Plaintiff LTWHP, LLC ("Plaintiff") moves for default judgment pursuant to CPLR 3215 against Defendant Dray Industria e Comercio, Ltd ("Defendant").  Plaintiff seeks money damages in the amount of $1,155,000.00, plus interest at a rate of one and one-half percent (1.5%) per month calculated through November 5, 2025; and an additional $379.93 per day from November 6, 2025; a preliminary and permanent injunction relating to Defendant's use of Plaintiff's intellectual property; compelling Defendant to deliver to Plaintiff all advertising materials in Defendant's possession, to the extent such materials incorporate any such intellectual property; compelling Defendant to produce a written schedule (signed and certified by Defendant's Chief Financial Officer as accurate) itemizing all inventory of Licensed Products; and granting Plaintiff attorneys' fees and costs of suit.

Plaintiff commenced this action by filing a Summons and Complaint on August 11, 2025 and has submitted proof of service of the Summons and Complaint upon Defendant via email as

654768/2025   LTWHP, LLC vs. DRAY INDUSTRIA E COMERCIO, LTD      Page 1 of 6
Motion No.  001

1 of 6

[* 1]

consented to by Defendant in the parties' licensing agreement (NYSCEF 11; NYSCEF 6 at Sec. 23.A & B).[1]  The time for the Defendant to appear or answer has expired under CPLR 320(a), and Defendant has not appeared, answered or otherwise moved with respect to the Summons and Complaint in this action.  For the reasons described below, the motion for default judgment is granted.

Plaintiff has submitted unrebutted evidence demonstrating compliance with the requirements of CPLR 3215 through the Affirmation of Elliot D. Ostrove, Esq. (NYSCEF 9 ["Ostrove Aff"]), together with exhibits annexed thereto (NYSCEF 10-12) and the Affirmation of Effy Zinkin, Chief Operating Officer of Plaintiff (NYSCEF 5 ["Zinkin Aff"]), together with the exhibits annexed thereto (NYSCEF 6-8), including the Complaint setting forth the facts establishing Plaintiff's claim, the License Agreement entered into by the parties pursuant to which Plaintiff licensed to Defendant certain rights to use certain marks, the Notice of Default notifying Defendant of its overdue payment obligations and failing to post the letter of credit as required, and the Notice of Termination sent by Plaintiff to Defendant terminating the Agreement.  Plaintiff also submitted proof pursuant to CPLR 3215(g) that Defendant was served with a copy of this motion and the papers upon which relief is sought (*see* NYSCEF 15).

---

[1] A. <u>Legal Notices</u>. Any legal notices arising under this Agreement (but excluding formal service of process) shall be delivered by e-mail as follows. and shall be deemed delivered the business day next following the day the email was sent: (1) If to Licensor, to [email address] and [email address] (2) If to Licensee, to Rudemar Dobronz [email address] and Nelson Joao Mohr [email address]

B. <u>Service of Process</u>. Licensee hereby irrevocably consents to service of process in accordance with the notice provisions above. Licensee hereby waives personal service of the summons, complaint and other processes.

(NYSCEF 6 at Sec. 23.A & B).

654768/2025  LTWHP, LLC vs. DRAY INDUSTRIA E COMERCIO, LTD
Motion No.  001

Page 2 of 6

Plaintiff has demonstrated its entitlement to money damages. Plaintiff seeks overdue payment, accelerated payment of all Guaranteed Minimum Royalties that would have become payable over the term of the agreement in the absence of termination.  Section 18.B of the Agreement provides, in relevant part, that upon the termination of the Agreement, all Guaranteed Minimum Royalties that would have been payable to Plaintiff for the three (3) Contract Years following the Contract Year in which the breach takes place had such termination not occurred shall be accelerated and become immediately due and payable by Defendant to Plaintiff (NYSCEF 6 § 18.B). Pursuant to Section 3.J of the Agreement, Defendant shall pay Plaintiff interest on the unpaid balance at a rate equal to one and one-half percent (1.5%) per month (NYSCEF 6 at § 3.J).  Thus, Plaintiff is entitled to $1,155,000.00, plus interest at an annual rate of one and one-half percent (1.5%) per month thereafter.[2]

Next, Plaintiff seeks a *permanent injunction* (1) "restraining Defendant from further using Plaintiff's intellectual property" and (2) "enjoining and restraining Defendant from designing, manufacturing, distributing, selling, and/or promoting the Licensed Products, or products incorporating Plaintiff's intellectual property, pursuant to Section 18.A of the Agreement" and a *mandatory injunction* (1) "compelling Defendant to deliver to Plaintiff, at its sole cost, all advertising materials in Defendant's possession, custody and/or control to the extent such materials incorporate any of the Marks, pursuant to Section 18.C of the Agreement" and (2) a "written schedule (signed and certified by Defendant's Chief Financial Officer as accurate) itemizing all inventory of Licensed Products then in Defendant's possession, custody and/or

---

[2] It is unclear why Plaintiff calculated interest up until November 5, 2025, and seeks an additional per day amount of $379.93 after November 5, 2025. Plaintiff will need to provide supporting documents to explain this with a revised proposed judgment.

654768/2025   LTWHP, LLC vs. DRAY INDUSTRIA E COMERCIO, LTD                    Page 3 of 6
Motion No.  001

3 of 6

[* 3]

control, broken down by style number, color, size, quantity, and including Defendant's Manufacturing Cost for each such product together with any other descriptive information which Plaintiff may request, pursuant to Section 18.D of the Agreement." These requests are granted.

"To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (*Aponte v Estate of Aponte*, 172 AD3d 970, 974 [2d Dept 2019] [citations omitted]).

As reflected in the Zinkin Affirmation (NYSCEF 5), Plaintiff has demonstrated prima facie entitlement to relief on the merits. Indeed, since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), Defendant effectively has admitted to breaching the Agreement. Plaintiff has further demonstrated that if Defendant is not enjoined from using Plaintiff's trademarks, Plaintiff will be irreparably harmed (Zinkin Aff ¶20). Moreover, the parties acknowledged in the Agreement that injunctive relief against would be appropriate under the circumstances presented here. Specifically, Section 18.A of the Agreement provides for, in relevant part, Defendant's obligation to immediately discontinue the use of the Marks upon the termination of the Agreement, and Plaintiff's entitlement to equitable relief (NYSCEF 6 at §18.A). Pursuant to Section 21.C of the Agreement, Plaintiff is entitled to injunctive or other equitable relief, including interim or emergency relief (*id.* § 21.C).

Finally, because Defendant no longer has the contractual right to use Plaintiff's trademarks, the balance of equities cannot tip in Defendant's favor—any such unauthorized use of the trademarks would constitute infringement (*Otter Products, LLC v Hargrove*, 2024 WL

[* 4]

3878285, at *7 [SDNY July 26, 2024] ["[I]t is generally accepted that an infringer cannot claim hardship due to the loss of ability to offer its infringing product."], *report and recommendation adopted*, 2024 WL 3876366 [SDNY Aug. 19, 2024]).

Finally, the request for attorney's fees in the amount of $3,389.00 pursuant to Sections 3.J and 17.F of the Agreement is granted. Through the affirmation of Plaintiff's counsel and the attached invoices (Ostrove Aff ¶¶20-22; NYSCEF 12). Plaintiff has demonstrated that "the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contr. Inc.*, 261 AD2d 363, 365 [2d Dept 1999]; *In re Freeman's Estate*, 34 NY2d 1, 9 [1974]).

Defendant may seek a vacatur of the instant default judgment if it can satisfy the requirements of CPLR 5015, CPLR 317, or any other relevant law.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for a Default Judgment against Defendant is hereby **GRANTED**; it is further

**ORDERED** that Plaintiff submit a revised proposed judgment with seven (7) days of the date of this Order; and it is further

**ORDERED** that Plaintiff serve a copy of this Order with Notice of Entry upon Defendant within five (5) days of the date of this Order.

654768/2025   LTWHP, LLC vs. DRAY INDUSTRIA E COMERCIO, LTD
Page 5 of 6
Motion No. 001

5 of 6

This constitutes the decision and order of the Court.

202603111408321MCOHENAF01AF79C77634037BCF29F0B3C263C7DD

**3/11/2026**
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654768/2025   LTWHP, LLC vs. DRAY INDUSTRIA E COMERCIO, LTD**
**Motion No.  001**

**Page 6 of 6**

[* 6]