**Highland Hill Capital LLC v Zuendt Engg., LLC**

2026 NY Slip Op 30978(U)

March 19, 2026

Supreme Court, Erie County

Docket Number: Index No. 820124/2025

Judge: Gerald J. Greenan III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

HIGHLAND HILL CAPITAL LLC,
                              Plaintiff,

                                                      DECISION AND ORDER

          -against-
                                                      Index No. 820124/2025
                                                      Assigned Justice:
ZUENDT ENGINEERING, LLC et al,                        HON. GERALD J. GREENAN III, J.S.C.
                              Defendants.

Plaintiff Highland Hill Capital LLC moves pursuant to CPLR 3215(i) for summary judgment against all Defendants on the ground that Defendants breached the Settlement Agreement entered into by the parties on October 16, 2025. Defendants oppose only the award of attorney's fees. For the reasons set forth below, Plaintiff's motion is **GRANTED** in its entirety.

Plaintiff Highland Hill Capital LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Florida engaged in the purchase and sale of future receivables and sales proceeds between commercial entities — a business commonly referred to as "merchant cash advance." On or about June 9, 2025, Plaintiff entered into a Revenue Purchase Agreement ("RPA") with Defendants Zuendt Engineering, LLC d/b/a Zuendt Engineering LLC; Zuendt Engineering Florida, LLC; Zuendt Engineering; Zuendt Capital Corporation; Zuendt Consulting, LLC (collectively, "Merchant"), pursuant to which Plaintiff purchased $149,900.00 of Merchant's future receivables. Defendants Alexander Frederick Zuendt and Angela Lynn Zuendt (collectively, "Guarantors") personally guaranteed Merchant's performance under the RPA.

Merchant remitted $19,783.50 toward the purchased receivables and ceased making payments on or about September 12, 2025, leaving an unremitted balance of $130,116.50. Following Merchant's default, the parties entered into a written Settlement Agreement on October 16, 2025. Under the Settlement Agreement, Defendants acknowledged their indebtedness to Plaintiff in the amount of $187,563.10. This figure was comprised of the unremitted purchased amount of $130,116.50, attorney's fees incurred in connection with the RPA default of $52,046.60, default fees of $2,500.00, and NSF fees of $2,900.00.

Pursuant to the Settlement Agreement, Plaintiff agreed to accept $187,563.10 as payment in full (the "Settlement Amount"), provided Defendants complied with the following payment schedule: (a) weekly ACH payments of $2,500.00 commencing October 24, 2025, continuing each Friday thereafter; and (b) daily ACH payments of $1,199.00 commencing January 16, 2026, continuing until the Settlement Amount was paid in full. The Settlement Agreement further provided that upon default, Plaintiff would be entitled to collect the full RPA Balance of $187,563.10, less any payments received, plus attorney's fees equal to 25% of the outstanding balance.

Defendants made a single payment of $2,500.00 on or about October 24, 2025, and thereafter ceased all further remittances, constituting a breach of the Settlement Agreement on November 17, 2025. Plaintiff commenced this action by filing a Summons and Complaint on November 13, 2025. Defendants filed a verified Answer on or about December 16, 2025. Plaintiff timely filed the instant motion for summary judgment on December 17, 2025. Defendants filed opposition on January 20, 2026, followed by Plaintiff's reply filed January 22, 2026.

[* 2]

A motion for summary judgment shall be granted where there is no genuine triable issue of material fact and the movant is entitled to judgment as a matter of law (CPLR § 3212; *Zuckerman v City of New York,* 49 NY2d 557, 560 [1980]). The movant bears the initial burden of tendering sufficient evidence to eliminate any material issues of fact. Once met, the burden shifts to the opposing party to demonstrate, by admissible evidence, the existence of a triable issue (*Id*).

"It is well settled that the elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (*Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 111 AD3d 1374, 1376 [4th Dept 2013]).

All four elements are satisfied here. First, the Settlement Agreement executed on October 16, 2025 is a binding, enforceable contract, the existence of which Defendants do not dispute. Second, Plaintiff performed by forbearing from further enforcement action during the pendency of Defendants' agreed-upon payment schedule. Third, Defendants unquestionably breached the Settlement Agreement by remitting only one payment of $2,500.00 and failing to make any further payments thereafter. Fourth, Plaintiff suffered damages as a direct and proximate result of Defendants' breach. Defendants do not contest any of these material facts in their opposition. Accordingly, Plaintiff has established a prima facie entitlement to summary judgment on its breach of contract claim.

Pursuant to the default provisions of the Settlement Agreement, Plaintiff is entitled to the full Settlement Amount of $187,563.10, less the single payment of $2,500.00

[* 3]

received, leaving a principal balance of $185,063.10. Defendants do not contest this calculation.

Plaintiff further seeks attorney's fees of $46,265.78, representing 25% of the outstanding principal balance as provided in the Settlement Agreement. Defendants oppose this portion of the motion, arguing that a fee calculated as a fixed percentage of the unpaid balance, unaccompanied by an itemized bill demonstrating actual time spent, is per se unreasonable under New York law.

This Court disagrees and awards attorney's fees in the amount requested.

Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule (*Hooper Assoc., Ltd. v AGS Computers, Inc.*, 74 NY2d 487 [1989]). Here, the Settlement Agreement expressly and unambiguously provides for the recovery of attorney's fees equal to 25% of the outstanding balance upon default. That contractual provision is enforceable.

Although New York courts retain inherent authority to determine the reasonableness of a contractually specified fee and are not irrevocably bound by a fixed percentage, such a percentage provision is not automatically unenforceable. The authorities cited by Defendants stand for the proposition that courts may look behind a contractual fee to assess reasonableness, not that they must disallow the contractual rate whenever an itemized billing statement is absent (See, *Prince v Schacher*, 125 AD3d 626, 628 [2d Dept 2015]).

This Court finds the contractual provision at issue to be unambiguous: upon Defendants' default, Plaintiff is entitled to 25% of the outstanding balance as attorney's

[* 4]

fees. This formula is a common, commercially accepted method of calculating fees in the merchant cash advance industry, and Defendants, represented by counsel, freely bargained for and agreed to it in the Settlement Agreement.

Plaintiff may be entitled to recover an attorney's fee of a fixed percentage if it can demonstrate that the quality and quantity of the legal services rendered were such as to warrant, on a quantum meruit basis, that full percentage (*Indus. Equip. Credit Corp. v Green*, 92 AD2d 838, 838 [1st Dept 1983]). The 25% figure here, applied to a principal balance of $185,063.10, resulting in a fee of $46,265.78, is not facially unreasonable given the litigation necessary to enforce this commercial obligation. Plaintiff's counsel has prosecuted this action, prepared and filed a Summons and Complaint, responded to Defendants' Answer, briefed the instant summary judgment motion, and submitted a reply memorandum of law, and then must collect any such judgment granted by this Court.

In the absence of any affidavit by Defendants, any evidence contesting the amount of work performed, or any factual showing that the fee is disproportionate or oppressive, this Court declines to reduce the contractual fee. Defendants' abstract objection, unsupported by any evidentiary showing, does not rise to the level required to defeat the contractual attorney's fee provision.

Based upon the foregoing, it is hereby

**ORDERED** that Plaintiff Highland Hill Capital LLC's motion for summary judgment pursuant to CPLR 3215(i) is GRANTED in its entirety; and it is further

**ORDERED** that judgment is entered in favor of Plaintiff Highland Hill Capital LLC and against Defendants Zuendt Engineering, LLC d/b/a Zuendt Engineering LLC; Zuendt Engineering Florida, LLC; Zuendt Engineering; Zuendt Capital Corporation; Zuendt

[* 5]

Consulting, LLC; Alexander Frederick Zuendt; and Angela Lynn Zuendt, jointly and severally, as follows:

a) Principal balance:      $185,063.10
b) Attorney's fees:      $ 46,265.78
c) **TOTAL JUDGMENT:**      **$231,328.88**

ORDERED that post-judgment interest shall accrue on the total judgment amount at the statutory rate of nine percent (9%) per annum pursuant to CPLR § 5004; and it is further

ORDERED that costs shall be taxed by the Clerk of the Court in accordance with CPLR § 8301; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of this Court.

Dated: _March 19_, 2026

_____
HON. GERALD J. GREENAN III, J.S.C.

[* 6]